O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAVIER VELA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-05-217 |
| | § | |
| JANET NAPOLITANO, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiff Javier Vela's motion seeking $30,881.25 in attorney's fees and $789.34 in costs. (Docket No. 48; Docket No. 50, at 3.) Defendant Janet Napolitano,[1] Secretary of the United States Department of Homeland Security ("the Secretary"), agrees Plaintiff is entitled to attorney's fees and costs, but asks the Court to award a "reasonable amount below that requested by Vela." (Docket No. 49.)

<u>Background</u>

Plaintiff was a Senior Customs and Border Protection Officer (GS-11, Step 8) with the United States Department of Homeland Security, Customs and Border Protection ("CBP"). He

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), current Secretary Janet Napolitano is automatically substituted for her predecessor Michael Chertoff, the original named defendant. The above title shall be used in all future filings.

filed suit against the Secretary alleging violations of the Age Discrimination in Employment Act ("ADEA") and Title VII. In his Second Amended Complaint, Plaintiff made seven claims of employment discrimination. Plaintiff sought a promotion to Supervisory Customs Inspector (GS-12), compensatory damages, back pay, medical expenses, and attorney's fees and costs.

On March 17, 2008, the Court partially granted the Secretary's motion for summary judgment (Docket No. 28) and dismissed five of Plaintiff's seven claims. (Docket No. 36.) The remaining claims were age discrimination under the ADEA for nonselection to the position of Supervisory Customs Inspector (GS-12) in February 2003, and retaliation under Title VII by not being allowed to serve as a Range Officer in 2004.

The parties reached settlement on March 3, 2009. (Docket No. 53.) Pursuant to the settlement, Plaintiff accepted the position of Import Specialist (GS-11, Step 10). With the exception of attorney's fees and costs, all other issues have been resolved.

Plaintiff filed the instant motion on March 10, 2009. (Docket No. 48.) Plaintiff's original motion sought $30,181.25 in attorney's fees. The attorney's fees are documented in an invoice submitted by Plaintiff's attorneys, Ronald R. Tonkin and Ashok Bail. (Docket No. 48, Ex. A.) Plaintiff entered into a retainer agreement setting out an initial hourly rate of $300

for Mr. Tonkin's work and $150 for Mr. Bail's work, Id. at Ex. B, but the agreed rates were subsequently increased to $350 and $225, respectively, Id. at Ex. C.  The claimed fees are based on 15.25 hours at $300.00 per hour, 6.25 hours at $350.00 per hour, 117.75 hours at $150.00 per hour, and 22.25 hours at $225.00 per hour.  Id. at Ex. A.  The invoice also includes a total of ten hours at $75.00 per hour by a person denoted as "PL", which possibly references a paralegal.  Id.  Finally, Plaintiff's two-and-a-half page reply to the Secretary's response apparently took Mr. Tonkin an additional two hours at a cost of $700.00. (Docket No. 50, at 3.)

Analysis

Title VII allows for the recovery of attorney's fees at the Court's discretion by a prevailing party as part of the costs of the litigation.  42 U.S.C. 2000e-5(k).  The ADEA is silent on the issue of attorney's fees when the government is the defendant, but the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, allows for such recovery.  Boehms v. Cromwell, 139 F.3d 452, 463 (5th Cir. 1998).

The Secretary does not challenge Plaintiff's right to recover attorney's fees, but instead challenges the amount sought.  The first step in determining attorney's fees is tp calculate the "lodestar" amount by multiplying the number of

hours reasonably expended by a reasonable hourly rate. McClain v. Lufkin Indus., Inc., 519 F.3d 264, 284 (5th Cir. 2008). The lodestar amount is then adjusted up or down based on the factors outlined in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[2] Of the Johnson factors, the Court must give special heed to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of counsel. Von Clark v. Butler, 916 F.2d 255, 258 (5th Cir. 1991). The Supreme Court has twice said "the most critical factor is the degree of success obtained." Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 574(1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941 (1983)).

Plaintiff seeks the entire lodestar amount of $30,881.25 in fees. He supports the reasonableness of this amount through affidavit testimony (Docket No. 48, Exs. D-H), and the Secretary does not challenge this lodestar amount. Instead, the Secretary focuses on the "limited success" that Plaintiff achieved.

---

[2] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. 488 F.2d at 717-19.

(Docket No. 49, at 6.) The Secretary makes two arguments. First, while Plaintiff pursued seven claims, only two remained at the time of settlement. Second, Plaintiff did not obtain the relief he sought.

Plaintiff responds by citing <u>Salinas v. Rubin</u>, 126 F.3d 1026 (S.D. Tex 2001), *vacated on other grounds*, 286 F.3d 827 (5th Cir. 2002). In that case, much like the present action, the plaintiff was unable to separate the time spent pursuing each of several claims because the claims involved the same set of facts and involved related legal theories. <u>Id.</u> at 1037. The Court concluded, citing <u>Hensley</u>, that counsel's time was devoted to the litigation as a whole and the lawsuit could not be viewed as a series of discrete claims. <u>Id.</u>

Even assuming time spent in this case cannot be attributed to specific claims, <u>Hensley</u> does not require full lodestar recovery. On the contrary, the Court has two choices. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." <u>Hensley</u>, 461 U.S. at 436, 103 S.Ct. at 1941. <u>Hensley</u> goes further:

> [T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of attorney's fees. . . . Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fees reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved

> only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

In Salinas, the plaintiff recovered the maximum amount of damages allowed under the applicable statute. 126 F. Supp. 2d at 1037. He could not have received any more compensation even if he had won either or both of the claims he lost. Further, he recovered the promotion he sought and back pay. Id. at 1035. The Court, therefore, refused to reduce the claimed fee award. Id. at 1037.

Plaintiff was not as successful in this case. He demanded a promotion to a GS-12 position, compensatory damages, back pay, and medical expenses. However, under the terms of the settlement Plaintiff will be placed in a GS-11, Step 10 position, up from the GS-11, Step 8 position he initially held. It appears that the increase in compensation over his prior position is approximately three-thousand dollars annually. U.S. Office of Personnel Management, Salary Table 2009-GS, http://www.opm.gov/oca/09tables/pdf/saltbl.pdf. Plaintiff's other demands were not met. While Plaintiff achieved some success, it was substantially less than his initial demands and not enough to justify the amount he seeks.

After careful consideration of the level of success obtained in this case, the Court concludes that an award of $18,000 in fees is appropriate.

As to costs, the Secretary takes exception to $377.00 denoted as "Deposition Cost for Richard Weiner." (Docket No. 49, at 5 n.6.) The deposition was used only in support of a retaliation claim for a two-day suspension. (Docket No. 33, at 29-30.) As the Court rejected that claim on summary judgment (Docket No. 36), Plaintiff is not entitled to related costs. <u>Bogan v. City of Boston</u>, 489 F.3d 417, 430 (1st Cir. 2007). Plaintiff's remaining costs total $412.34.

<u>Conclusion</u>

For the forgoing reasons, Plaintiff's motion for attorney's fees and costs (Docket No. 48) is PARTIALLY GRANTED. The Court will award attorney's fees and costs in accordance with this Memorandum.

DONE at Laredo, TX, this 21st day of July, 2009.

_____
George P. Kazen
Senior United States District Judge